UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANGEL MARTINEZ ALICEA, et. al., )
                  Plaintiffs )
)
)
      v. )   Civil Action No. 10-30002-MAP
)
)
)
LT'S BENJAMIN RECORDS, et.al., )
                  Defendants )

REPORT AND RECOMMENDATION WITH REGARD TO
DEFENDANTS' MOTION TO DISMISS (Document No. 69)
May 13, 2011

NEIMAN, U.S.M.J.

Presently before the court is a copyright infringement case brought by several music artists, most of whom reside in Springfield, Massachusetts, Angel Martinez Alicea ("Ruf El Fantaztiko"), Reynaldo Colon Vega ("Limits"), Freddy Montalvo ("Montalvo"), Raul Rivera-Roldan ("Thilo") and Gerry Capo Hernandez ("Lionize") (collectively "Plaintiffs"). The remaining defendants in this case are UMG Recordings, Inc. and Machete Music, White Kraft Music Publishing, and LT's Benjamin Records, Inc. ("LT's"), Francisco Saldana ("Luny"), and Victor Cabrera ("Tunes"), other defendants having been dismissed in a prior decision of the court. *See* Report and Recommendation (Dec. 13, 2010) (Document No. 57), adopted on January 11, 2011 (Document No. 60).

Three of the remaining defendants, LT's, Luny, and Tunes (together the "Luny Tunes Defendants"), have moved to dismiss the case against them pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3) and 12(b)(6). That motion has been referred

1

to the court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons detailed below, the court will recommend that the Luny Tunes Defendants' motion be allowed on personal jurisdiction grounds.

In addition, in light of an affidavit submitted by the Luny Tunes Defendants with regard to one of the plaintiffs, Lionize -- in which he personally states that he "do[es] not want to continue in this action [as a plaintiff] as none of the claims are true" -- and in light of the fact that the other Plaintiffs have filed no objection or stated any reason why Lionize should remain as a plaintiff, despite their having been invited to do so, the court also recommends that he be dismissed from the case.

## I. BACKGROUND

The background of this matter was set forth in detail in this court's prior report and recommendation. (Document No. 57.) Accordingly, only the facts essential to the present motion are stated here.

In the Spring of 2007, Luny and Tunes contacted Lionize, a resident of Puerto Rico, and invited him to their recording studio in Carolina, Puerto Rico, to record and perform certain musical works. (Third Amended Complaint ("Compl.") ¶ 18.) Lionize agreed and signed exclusive management and recording agreements with LT's in which he was promised certain royalty payments for his efforts as a musician. (*Id.* ¶¶ 19, 20.) In addition, Lionize suggested that his colleagues -- three of the present Plaintiffs in this matter, Ruf El Fantaztiko, Limits and Montalvo (who along with Lionize are known as the "Springfield Crew") -- be invited to help complete the album and other works. (*Id.* ¶ 21.) Luny invited them. (*Id.* ¶ 22.) Then, in June of 2007, these other members of the Springfield Crew signed similar "exclusive" agreements with LT's. (*Id.* ¶¶ 23-27.)

Over the next seven to twelve months, the Springfield Crew created a number of compositions, which are now the subject of this lawsuit. (*Id.*) Plaintiffs claim to have never received any royalties in connection with the sale of these compositions. (*Id.* ¶ 34.) Plaintiffs also allege that the Luny Tunes Defendants "commercially released and distributed" their compositions "in whole, in part and in re-edited versions," and "falsely and fraudulently attributed authorship of [those] Works to themselves by identifying themselves as the sole writers, producers and performers" of the compositions. (*Id.* ¶¶ 35, 38.)

Separately, Plaintiffs allege that, as early as 2004, Luny contracted Thilo to be his producer and that Thilo, in fact, produced many successful works (including certain "beats"). (*Id.* ¶ 40.) Thilo, however, "has been paid very little of his royalties from radio and other performances, and no mechanical royalties." (*Id.*) Plaintiffs also assert breach of contract claims against the Luny Tunes Defendants based on their status as "third party beneficiaries" to a 2007 profit sharing agreement between Luny and LT's and UMG Recordings, Inc. and Machete Music, which is the subject of a separate lawsuit in the United States District Court for the Southern District of Florida. (*Id.* ¶ 43).

## II.  DISCUSSION

The Luny Tunes Defendants' motion raises both personal jurisdiction/venue and merits concerns. Since the court agrees that there is an insufficient basis upon which the court may exercise personal jurisdiction over the Luny Tunes Defendants, it will address that argument first. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over . . . the parties.") (citation

omitted).

A. <u>Personal Jurisdiction and Venue</u>

A plaintiff, with regard to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, has the burden of proving that jurisdiction lies with the court. *Massachusetts Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998). In particular, the plaintiff must show that the state's long-arm statute grants jurisdiction and that the exercise of jurisdiction is consistent with the Due Process clause of the United States Constitution. *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 52 (1st Cir. 2002). To meet this burden, the plaintiff "must go beyond the pleadings and make affirmative proof" of material jurisdictional facts. *Boit v. Gar-Tec Products, Inc.*, 967 F.2d 671, 675 (1st Cir. 1992) (citations omitted). It should be noted, however, that a court in this instance "does not act as a factfinder; to the contrary, it ascertains only whether the facts, duly proffered, fully credited, support the exercise of personal jurisdiction." *Alers-Rodriguez v. Fullerton Tires Corp.*, 115 F.3d 81, 84 (1st Cir. 1997).

The parties agree that the only inquiry here is whether jurisdiction comports with due process, and the court will limit its jurisdictional analysis accordingly. Due process requires a court to find either that it has "specific jurisdiction" over the defendant or "general jurisdiction." *See generally Harlow v. Children's Hosp.*, 432 F.3d 50, 57 (1st Cir. 2005). Here, specific jurisdiction exists if the Luny Tunes Defendants' contacts with the Commonwealth of Massachusetts "arise out of" or "relate to" Plaintiffs' particular cause of action. See *Sawtelle v. Farrell*, 70 F.3d 1381, 1389 (1st Cir. 1995). General jurisdiction may be found if the Luny Tunes Defendants have "continuous and

4

systematic" contacts with Massachusetts, even though those contacts do not relate to the particular cause of action. *See Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 414-16 (1984). Plaintiffs assert that this court has both specific and general jurisdiction, while the Luny Tunes Defendants assert that the court has neither and, moreover, that venue is improper. The Luny Tunes Defendants, in the court's estimation, have the better argument.

1. Specific Jurisdiction

The First Circuit uses a three-part test for determining whether a court has specific jurisdiction over a defendant.

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

*Sawtelle*, 70 F.3d at 1389. The court will address each part of the test, mindful that "[c]entral to each step . . . are the contacts which are attributable to [the] defendant." (*Id.*)

a. Relatedness[1]

Plaintiffs assert that they performed work in Massachusetts "on the very projects which are the subject matter of this action" and that such work provides a basis for this

---

[1] The court notes that it is not entirely clear from Plaintiffs' opposition to which prong of the jurisdictional analysis their arguments were directed, or even whether such arguments pertained to specific jurisdiction, general jurisdiction, or both. The court has done its best to attribute Plaintiffs' arguments appropriately.

court's exercise of jurisdiction over the Luny Tunes Defendants. (Plaintiffs' Opposition ("Pls. Opp.) at 7.) More to the point, Plaintiffs allege that after Ruf El Fantaztiko left Puerto Rico in 2007, he received emails from the Luny Tunes Defendants containing unfinished recordings and other production work, made "beats" for those recordings in Massachusetts, and then sent the finished recordings back to these defendants in Puerto Rico. (*Id.* at 7; Ruf El Fantaztiko Decl. ¶ 7.)

For their part, the Luny Tunes Defendants dispute that any of the recordings Ruf El Fantaztiko sent them following his departure from Puerto Rico are the subject of this lawsuit. More to the point, perhaps, Defendants assert that, even were the court to assume that Ruf El Fantaztiko worked on the recordings in Massachusetts, there is no indication in any of the contracts into which Plaintiffs entered, nor do Plaintiffs argue, that this work was required to be performed in Massachusetts or that the Luny Tunes Defendants ever requested that Plaintiffs conduct their work in Massachusetts.

The Luny Tunes Defendants, in the court's opinion, have the better argument. Since the only work performed in Massachusetts was done because Plaintiffs *chose* to perform it here, that work does not provide a basis for jurisdiction over these particular defendants. *See Whittaker Corp. v. United Aircraft Corp.*, 482 F.2d 1079, 1085 (1st Cir. 1973) (finding no personal jurisdiction where there was "no requirement in any of the agreements that performance take place in Massachusetts."); *Lyle Richards Int'l Ltd. v. Ashworth, Inc.*, 132 F.3d 111, 113 (1st Cir. 1997) (quoting *Nichols Assocs., Inc. v. Starr*, 341 N.E. 2d. 909, 912 (Mass. App. Ct. 1976)) (declining to exercise personal jurisdiction "where nonresident defendant's 'contact [was] 'limited to the . . . acceptance of services which the plaintiff simply *chose* to perform in Massachusetts.'") (emphasis in original).

6

In short, Plaintiffs have not proffered sufficient facts to satisfy the first prong of the analysis, relatedness.

b. Purposeful Availment

Plaintiffs' allegations regarding the Luny Tunes Defendants' "purposeful availment" of privileges in Massachusetts are similarly deficient. Plaintiffs broadly assert that the Luny Tunes Defendants "continue to 'harvest' promising producers from Massachusetts," as evidenced by the fact that two of the plaintiffs are from Massachusetts. (Pls. Opp. at 7.) This assertion alone, however, is simply not adequate to establish that the Luny Tunes Defendants purposefully availed themselves of the privileges of conducting business in Massachusetts.

Moreover, Plaintiffs present no evidence that the Luny Tunes Defendants specifically targeted Massachusetts in recruiting Plaintiffs or that they targeted Plaintiffs because of their relationship to Massachusetts. To the contrary, Plaintiffs' own complaint indicates that the Luny Tunes Defendants did not reach out to Plaintiffs because of their Massachusetts connection but, rather, because they acted on the advice of Lionize, who "suggested that three other individuals who have since become plaintiffs here — 'Ruf El Fantaztiko,' 'Limits,' and 'Montalvo' be invited to help complete the album and other works." (Compl. ¶ 21.) Thus, the record in no way supports Plaintiffs' claim that the Luny Tunes Defendants intentionally targeted Massachusetts in recruiting Plaintiffs. Accordingly, in the court's opinion, Plaintiffs have not satisfied the second prong of the Due Process analysis. *See Adams v. Adams*, 601 F.3d 1, 6 (1st Cir. 2010) ("The focus of the purposeful availment inquiry is the defendant's intentionality. This prong is only satisfied when the defendant purposefully and

7

voluntarily directs his activities toward the forum so that he should expect, by virtue of the benefit he receives, to be subject to the court's jurisdiction based on these contacts.") (internal quotation marks omitted).[2]

  c. <u>Reasonableness</u>

As to reasonableness, the Luny Tunes Defendants argue in their motion to dismiss that it would be unduly burdensome for them, and therefore unreasonable, to defend their claims in Massachusetts because they all reside and conduct their business operations in Puerto Rico. (Defendants' Motion to Dismiss ("Defs. Mot. to Dismiss") at 9-10.) Relying on the court's prior decision dismissing the claims against other defendants in this case for lack of personal jurisdiction, the Luny Tunes Defendants assert that this matter should be resolved in Puerto Rico because that is where the majority of the evidence and witnesses are likely located. *See* Document No. 60 (allowing defendants' motion to dismiss for lack of personal jurisdiction because "[t]he most effective relief and resolution of a controversy is had where more of the evidence and witnesses are likely to be located [and h]ere, it is undisputed that the evidence and witnesses, for the most part, are located in Puerto Rico, where the creation of the music in question took place.").

---

[2] Although not necessary to its conclusion, the court notes that Plaintiffs' assertion is further contradicted by Luny's declaration that, "as a music producer with music studios in Puerto Rico, [he] generally refuse[s] to work with artists outside of Puerto Rico as it is imperative that the artists or producers with whom [he] work[s] are able to work with [him] in the music studio in Puerto Rico." (Luny Reply Decl. ¶ 3 (Attached to Defendant's Reply Memorandum).) Indeed, Luny asserts that, with the exception of Lionize, he was not even aware "whether any of the Plaintiffs had at some point in time originally resided in some other state, or country, prior to eventually coming to Puerto Rico to meet with [him]." (*Id.* ¶ 12.)

8

Plaintiffs do not address these arguments, much less contest them. Instead Plaintiffs simply assert that the Luny Tunes Defendants continue to "derive financial benefit directly from the Commonwealth." (Pls. Opp. at 7.) This unsupported statement falls far short of convincing the court that it would be reasonable to hale the Luny Tunes Defendants into this forum. In the end, therefore, Plaintiffs, in the court's opinion, have failed to establish that it has specific jurisdiction over the Luny Tunes Defendants.

2. General Jurisdiction

As noted above, general jurisdiction may exist when a defendant has engaged in "continuous and systematic activity" in the forum, even if the activity is unrelated to the suit. *See Helicopteros Nacionales de Colombia, S. A*, 466 U.S. at 414-16. "The standard for evaluating whether [defendants' alleged] contacts satisfy the constitutional general jurisdiction test 'is considerably more stringent' than that applied to specific jurisdiction questions." *Platten v. HG Berm. Exempted Ltd.*, 437 F.3d 118, 138-39 (1st Cir. 2006).

The Luny Tunes Defendants argue that they do not have the requisite contacts to support a finding of general jurisdiction. Specifically, they point to the following facts:

(1) LT's is not licensed to do business in Massachusetts and does not have a registered agent in Massachusetts;

(2) The Luny Tunes Defendants have no distribution networks or marketing that target Massachusetts;

(3) The Luny Tunes Defendants have not entered into any contracts in Massachusetts;

(4) The Luny Tunes Defendants do not own property in Massachusetts; and

9

(5) The Luny Tunes Defendants do not maintain any bank accounts or file tax returns in Massachusetts.

Again, Plaintiffs do not address or refute any of the Luny Tunes Defendants' claims and instead assert only that Luny and Tunes lived in Massachusetts for a period of time before forming a partnership there in 2000. (Pls. Opp. at 7.) The Luny Tunes Defendants do not dispute this assertion but argue that it is wholly irrelevant given that LT's is a corporation organized and existing under the laws of Puerto Rico with is principal place of business in Carolina, Puerto Rico, and that Luny and Tunes have been residents of Puerto Rico for the past ten years. (LT's Decl. ¶ 1; Luny Decl. ¶ 3; Tunes Decl. ¶ 3.) In light of these uncontested facts, there is no evidence that the Defendants engaged in the "continuous and systematic activity" necessary for finding general jurisdiction. The court will therefore recommend that the Luny Tunes Defendants' motion be allowed on personal jurisdiction grounds.

### 3. Venue

The court also believes that dismissal of the Luny Tunes Defendants is warranted on venue grounds. According to Rule 12(b)(3), "[w]hen an objection to venue has been raised, the burden is on the plaintiff to establish that venue is proper in the judicial district in which the action has been brought." *Transamerica Corp., v. Trans-American Leasing Corp.*, 670 F. Supp. 1089, 1090 (D. Mass. 1987) (citations omitted). That means, for a copyright case such as this, that venue is proper "in the district in which the defendant or his agent may be found." 28 U.S.C. §1400(a). A defendant in a copyright infringement action, however, "may be found" and subject to venue only in the districts where there is personal jurisdiction. *Linzer v. EMI Blackwood*

*Music, Inc.*, 904 F. Supp. 207, 215 (S.D.N.Y. 1995).  As described, however, the court does not believe that it has personal jurisdiction over the Luny Tunes Defendants.

B. <u>Failure to State a Claim</u>

For the sake of completeness, the court will briefly address the Luny Tunes Defendants' motion to dismiss pursuant to Rule 12(b)(6).  When faced with a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must accept the allegations of the complaint as true, drawing all reasonable inferences in favor of the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Coyne v. City of Somerville*, 972 F.2d 440, 443 (1st Cir. 1992). Moreover, "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Sepulveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 28 (1st Cir. 2010).  Recently, the Supreme Court made clear that, under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint that states a plausible claim for relief, on its face, will survive a motion to dismiss. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009).  The Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

The Luny Tunes Defendants argue that Plaintiffs' claims for copyright infringement (Counts IV, V, and VI) should be dismissed because the subject agreements expressly granted them "an irrevocable license under copyright to reproduce each [composition] on Records and distribute such Records in the United States and Canada."  (Defs. Mot. to Dismiss at 13 (quoting the language from the

identical agreements between LT's and Lionize, Limits, Ruf El Fantaztiko, and Montalvo).) Accordingly, the Luny Tunes Defendants assert that Plaintiffs' copyright infringement claims are refuted by the very terms of the contracts into which Plaintiffs entered. (*Id.* at 13-16.)

In addition, Luny and Tunes argue that any breach of contract claim (Counts I, IX, X, and XI) should be dismissed as against them because the contracts were between Plaintiffs and LT's and there is no evidence to suggest that piercing the corporate veil would be appropriate here. (*Id.* at 16-17.) The Luny Tunes Defendants further argue that Plaintiffs' separate claims for intentional and negligent infliction of emotional distress (Counts VII and VIII) be dismissed because Plaintiffs have not pled any facts that could be considered "extreme and outrageous" and have not alleged, much less established, that the Luny Tunes Defendants were in any way negligent. (*Id.* at 17-18.) Finally, the Luny Tunes Defendants argue that Plaintiffs' fraud claims (Counts II and III) should be dismissed because Plaintiffs failed to "set forth the required who, what, where, when, how, and why" as required by the heightened pleading standards of Rule 9(b). (*Id.* at 18-19.)

Plaintiffs appear to devote only three sentences in their opposition to any of these arguments:

> [T]he issues of whether a valid contract, and thus copyright violations, along with the separate claim against [Luny] for infliction of emotional distress present enough genuine issues of fact to be determined by the finder of fact. (The emotional distress claim is an entirely separate issue from copyright infringement, as these claims arise from the plaintiffs' treatment in Puerto Rico, and [the Luny Tunes Defendants'] subsequent breach of the contract.). These factual questions cannot be resolved through a Motion to Dismiss.

(Pls. Opp. at 8.)  Plaintiffs should know that such a threadbare conclusory argument is insufficient to defeat Defendants' motion to dismiss.  *See Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592, 595 (1st Cir. 2011) ("[S]ome allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory and factual.").  Nonetheless, for two reasons, the court will recommend that the Luny Tunes Defendants' motion to dismiss -- Counts II, III, IV, V, VI, VII, and VIII as against all these defendants, and Counts I, IX, X, and XI as against Defendants Luny and Tunes only -- *not* be granted on 12(b)(6) grounds.  First, as already explained, there is reason enough to dismiss Plaintiffs' claims against the Luny Tunes Defendants on jurisdictional grounds.  Second, should Plaintiffs seek to refile their claims in a more appropriate forum, they should have the opportunity to address the Luny Tunes Defendants' defenses more completely.

### III. Conclusion

For the reasons stated, the court recommends that the Luny Tunes Defendants' Motion to Dismiss based on lack of personal jurisdiction be ALLOWED.  In addition, for the reasons described at pp. 1-2, the court recommends dismissing Lionize as a Plaintiff in this case.[3]

---

[3] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275

DATED: May 13, 2011

                                         /s/   Kenneth P. Neiman
                                         KENNETH P. NEIMAN
                                         U.S. Magistrate Judge

---

(1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.